UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| JANE DOE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) |
| | )  Case No.  7:21cv72 |
| | ) |
| TOWN OF BLACKSBURG, SHAUN | ) |
| CHUYKA and BRANDON FRETWELL | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Jane Doe, by counsel and for her Complaint seeking judgement against Defendants Town of Blacksburg, Shaun Chuyka, and Brandon Fretwell:

## STATEMENT OF CLAIMS

1. Plaintiff seeks money damages and equitable relief from Defendants for violating her constitutional rights, and injunctive relief to prevent injury to herself in the future. She also brings forward supplemental claims for violations of Virginia state law.

2. Plaintiff was the victim of excessive force by Defendants Chuyka and Fretwell in violation of the Fourth Amendment to the U.S. Constitution and Virginia state tort laws.

3. Plaintiff brings suit under 42 U.S.C. § 1983.

4. Plaintiff served notice of her state law claims pursuant to Va. Code. § 15.2-209.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over Ms. Doe's federal law claims pursuant to 28 U.S.C. §§ 1331, 1332, and 1343(a)(3), (4).

6. This Court has supplemental jurisdiction over Ms. Doe's state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper, pursuant to 28 U.S.C. § 1931(b), because a substantial part of the acts and omissions giving rise to Ms. Doe's claims occurred in the Western District of Virginia.

8. Assignment to the Roanoke Division of the Western District of Virginia is proper, pursuant to Western District of Virginia Local Rules 2(a)(7) and 2(b), because a substantial part of the acts and omissions giving rise to Ms. Doe's claims occurred in Montgomery County.

## PARTIES

9. At all relevant times, Plaintiff Ms. Doe ("Plaintiff") was a citizen of the United States, and a resident of Virginia.

10. Defendant Town of Blacksburg is a municipality in Virginia.

11. At all relevant times, Defendant Shaun Chuyka was a police officer employed by the Town of Blacksburg, a resident of Virginia, and acted under color of state law.

12. At all relevant times, Defendant Brandon Fretwell was a police officer employed by the Town of Blacksburg, a resident of Virginia, and acted under color of state law.

## STATEMENT OF FACTS

13. In 2019, Ms. Doe was a graduate student enrolled at Virginia Tech and pursuing a PhD in public health.

14. In addition to pursuing her doctorate, Ms. Doe served as a graduate assistant, an advisor for the Black Organizations Council, and a teacher at the Black Cultural Center.

15. Ms. Doe lived at Windsor Hills Apartments near campus.

16. As a student, Ms. Doe met Antwon Strange and they began dating.

17. Mr. Strange was on state probation.

18. Ms. Doe began a serious relationship with him.

19. Ms. Doe and Mr. Strange did not live together. He resided at a different apartment

complex. Mr. Strange provided his probation officer with his permanent address and Ms. Doe's address at Windsor Hills Apartment, to ensure his probation officer could always locate him.

20. In January 2019, Mr. Strange had been in and out of the hospital due to cardiac problems and was not at his apartment when a probation officer came to check on him.

21. The probation officer then went to Windsor Hills Apartments.

22. The probation officer went to the property management office to ask if Mr. Strange had been there that week. Neither Ms. Doe nor Ms. Strange were home that day.

23. The property manager, upon learning Mr. Strange was on probation, decided to bar him from the apartment. She mailed a trespass notice to Ms. Doe dated January 4, 2019. However, Ms. Doe did not receive it, as she had gone home to California for semester break.

24. On February 1, 2019, after returning to school, Ms. Doe attended a campus event with Mr. Strange and his friend, Dominic, at the Virginia Tech Graduate Life Center.

25. They returned home around 9:00 p.m., when, within minutes, there was a loud knock at the door.

26. Ms. Doe answered the door.

27. Officer Chuyka and Officer Fretwell said they were dispatched to locate Mr. Strange following a trespass complaint from the management office.

28. Officer Fretwell said the property manager contacted police after an employee had seen Mr. Strange enter the apartment.

29. Officer Fretwell asked Ms. Doe if he was in the apartment.

30. Officer Chuyka and Officer Fretwell were speaking rapidly and aggressively.

31. Ms. Doe was confused by what they were saying, because as far as she knew, he had not been barred from the property and she did not understand what was going on.

32. Officer Fretwell said he observed a black male behind Ms. Doe in the living room and demanded to see his identification.

33. The black male behind Ms. Doe in the living room was Dominic, not Mr. Strange.

34. Ms. Doe told the officers that the male they identified was Dominic, but they did not believe her.

35. Officer Fretwell ordered Ms. Doe and the male to exit the apartment so that they could enter it to search for Mr. Strange without her consent.

36. Ms. Doe asked if they had a search warrant.

37. Officer Fretwell said he would obtain one based on an odor of marijuana.

38. Again, Officer Fretwell demanded that Ms. Doe let them in.

39. Ms. Doe declined, saying she believed they needed a search warrant.

40. Suddenly, Officer Chuyka forcibly grabbed Ms. Doe by the arm "really hard" and pulled her out of the apartment.

41. Ms. Doe cried out in pain.

42. Ms. Doe was seven months' pregnant at the time.

43. Ms. Doe told Officer Chuyka that she was pregnant.

44. Officer Chuyka spun Ms. Doe around and handcuffed her.

45. Officer Chuyka slammed her against a wall.

46. Dominic opened his cell phone to record Officer Chuyka's actions.

47. Officer Chuyka and Officer Fretwell grabbed Dominic's phone from his hand, and they handcuffed him.

48. Officer Chuyka and Officer Fretwell detained Ms. Doe and Dominic and waited for other officers to arrive.

49. Additional units from the Blacksburg Police Department arrived on scene.

50. Police entered the apartment and arrested Mr. Strange on a charge of trespass.

51. Officer Chuyka arrested Ms. Doe on a misdemeanor charge of providing false information to law enforcement.

52. Officer Chuyka transported Ms. Doe to the Blacksburg Police Department, where she was brought before a magistrate and released on her own recognizance.

53. On June 20, 2019, the charge against Mr. Strange was dismissed in the Montgomery County General District Court.

54. On March 9, 2020, the charge against Ms. Doe was dismissed in the Montgomery County General District Court.

55. As a result of the excessive force to which she was subjected, Ms. Doe felt violated and degraded. Defendants violently attacked Plaintiff without any justifiable legal cause. Ms. Doe fears that she could experience similar arbitrary and unjustifiable attacks by Defendant agencies and individuals in the future. Ms. Doe continues to live and work in the Blacksburg community. She is also concerned that police will target her because she has now commenced a lawsuit.

## COUNT I

### 42 U.S.C. § 1983 – Excessive Force – Fourth Amendment
### (Defendants Chuyka and Fretwell)

50. Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth herein.

51. 42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the

> District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

52. At all relevant times, Defendants Chuyka and Fretwell were acting under color of state law.

53. At all relevant times, Plaintiff, a citizen of the U.S. and the state of Virginia, had a clearly established right under the Fourth Amendment, as applied to the states by the Fourteenth Amendment, to be free from the unreasonable search and seizure by law enforcement officers.

54. The Fourth Amendment does not permit Defendants to use excessive force.

55. "The Fourth Amendment 'governs claims of excessive force during the course of an arrest, investigatory stop, or other 'seizure' of a person." *Robles v. Prince George's County*, 302 F.3d 262, 268 (4th Cir. 2002).

56. The Supreme Court has mandated that excessive force claims must be assessed under an "objective reasonableness" standard. *Cansler v. Hanks*, 777 Fed. Appx. 627 (4th Cir. 2019) (citing *Graham v. Connor*, 490 U.S. 386, 388 (1989)).

57. "Applying that standard, the finder of fact … must compare the degree of force a reasonable officer would have applied to the degree of force actually used." *Id.* (citing *Graham*, 490 U.S. at 396). "In order to determine the amount of force a reasonable police officer would have applied, the Supreme Court's multi-factor balancing analysis 'requires careful attention to the facts and circumstances of each particular case.'" *Id.* "The objective reasonableness standard turns on, *inter alia,* 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight.'" *Id.*

58. The individual Defendants' use of force against Plaintiff was not reasonable under the circumstances and was excessive.

59. The severity of the crime at issue – trespass – was minor.

60. Ms. Doe was not an immediate threat to the safety of the officers or others.

61. Ms. Doe was not actively resisting arrest or attempting to evade arrest.

62. The only reason the Defendant Chuyka grabbed Ms. Doe in the doorway and pulled her into the hall, throwing her against a wall, and handcuffing her, is because she refused to give consent to search her apartment without a search warrant.

63. Ms. Doe was engaged in the simple act of asserting her Fourth Amendment right to be free from warrantless search and seizure.

64. The individual Defendants claimed they were going to get a search warrant, in their efforts to get Ms. Doe to change her mind and consent to an apartment search.

65. But, when Ms. Doe insisted that she would not permit a warrantless search, the individual Defendants lost their patience, and used an excessive, unreasonable amount of force against a seven-month-pregnant doctoral student who posed no danger, in order to gain entry into the apartment without the inconvenience of first obtain a search warrant.

66. The individual Defendants' use of force was unreasonable and exceeded how a reasonable officer would have acted under the circumstances.

67. As a direct and proximate cause of the individual Defendants' actions, Ms. Doe suffered damages in an amount in excess of $100,000, to be determined at trial.

68. As a direct and proximate cause of the individual Defendants' actions, Ms. Doe suffered financial, emotional and physical harm, and was otherwise injured.

## COUNT II

### State Law Assault, Battery, False Imprisonment, False Arrest, and Intentional Infliction of Emotional Distress
### (Defendants Chuyka and Fretwell)

69. Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth herein.

70. Defendant Chuyka committed the torts of assault and battery, false imprisonment, false arrest, and intentional infliction of emotional distress, when he forcibly grabbed Ms. Doe by the arm, pulled her from her apartment, held her against the wall, detained her in handcuffs, and took her against her will to the Blacksburg Police Department, without her consent.

71. Defendant Fretwell committed an intentional infliction of emotional distress, when he attempted to gain entry into Ms. Doe's apartment without her consent or a search warrant, and then stood by as Defendant Chuyka detained Ms. Doe in violation of law, because she had refused to consent to the warrantless search of her residence.

72. The legal proceedings against Plaintiff ended favorably when the Montgomery County General District Court dismissed the charge with prejudice.

73. As a direct and proximate cause of the individual Defendants' actions, Plaintiff suffered financial, emotional and physical harm, and was injured.

74. As a direct and proximate cause of the individual Defendants' actions, Ms. Doe suffered damages in an amount in excess of $100,000, to be determined at trial.

## COUNT III

### Respondeat Superior
### (Defendant Town of Blacksburg)

75. Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth herein.

76. At all times relevant to this action, Defendants Chuyka and Fretwell were acting within the scope of their employment as police officers with the Town of Blacksburg.

77. Defendant Town of Blacksburg is liable to Ms. Doe for its officers' tortious conduct within the scope of their employment under the doctrine of respondeat superior.

78. Even after Ms. Doe, through counsel, notified the Defendant Town of Blacksburg of the injuries that Ms. Doe suffered as a result of the officers' excessive force, the Defendant Town of Blacksburg upon information and belief took no action to investigate or otherwise discipline the officers involved in Ms. Doe's arrest.

79. The Defendant Town of Blacksburg's refusal to investigate despite notice of alleged police misconduct revealed a deliberate indifference to Ms. Doe's constitutional rights, was a causative factor in the constitutional injuries she suffered, and reflects a tacit authorization of the offensive practices used in her case.

## DAMAGES

80. As a direct result of the Defendants' conduct, Plaintiff suffered severe physical and emotional injuries and damages, including:

    a. Shame, fright, mortification, embarrassment, humiliation and loss of dignity and pride, mental anguish, emotional pain, torment and suffering caused by the Defendants' unlawful violation of Plaintiff's constitutional rights;

    b. Violation of Plaintiff's constitutional rights;

    c. Other associated costs caused by Defendants' violation of Plaintiff's constitutional rights.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages and punitive damages pursuant to 42 U.S.C. § 1983 and state law in an amount to be

established at trial, together with costs incurred in the pursuit of just resolution of this matter, pre- and post-judgment interest, and attorneys' fees to be established by the Court.

A JURY TRIAL IS REQUESTED.

Respectfully Submitted,

**JANE DOE**

By: _____
Of Counsel

Robert E. Dean, Esq. (VSB No. 80288)
ROB DEAN LAW
401 Campbell Ave., Ste. 302
Roanoke, Virginia 24016
Phone:  (540) 585-1776
Fax:       (540) 301-0833
Email:    rob@robdeanlaw.com

*Counsel for Plaintiff*