IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JARIAH STROZIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:21-cv-00072 |
| ) | |
| TOWN OF BLACKSBURG, SHAUN ) | By: Elizabeth K. Dillon |
| CHUYKA, and BRANDON FRETWELL, ) | United States District Judge |
| ) | |
| Defendants. | |

**MEMORANDUM OPINION**

Plaintiff brings this suit under 42 U.S.C. § 1983 against Officers Chuyka and Fretwell for excessive force in violation of the Fourth Amendment as well as accompanying state law claims of assault, battery, false imprisonment/false arrest, and intentional infliction of emotional distress against the same defendants and the Town of Blacksburg under the doctrine of *respondeat superior*. Defendants moved to dismiss all claims other than the Fourth Amendment excessive force claim and battery claim against Officer Chuyka. (Dkt. No. 7.)

Following the hearing on defendants' motion to dismiss (Dkt. No. 20), the court issued an order (Dkt. No. 21) granting the motion in part, denying the motion in part, and taking the motion under advisement with respect to plaintiff's claim for false imprisonment/false arrest against defendant Shaun Chuyka. This opinion addresses the false imprisonment/false arrest claim against defendant Chuyka. For the reasons stated below, defendants' motion to dismiss will be granted as to this claim.

I. BACKGROUND

As alleged in the complaint, plaintiff's claims against defendants Officer Shaun Chuyka, Officer Brandon Fretwell, and the Town of Blacksburg stem from an incident at Doe's apartment

on February 1, 2019.  Plaintiff then lived at Windsor Hill Apartments near the Virginia Tech campus and was in a relationship with Antwon Strange, who was on state probation.  They did not live together, but Strange spent time at plaintiff's Windsor Hill apartment.  Strange provided this address to his probation officer along with his permanent address to ensure the probation officer could locate him.

In January of 2019, the probation officer was unable to locate Strange at his permanent address, so he went to Windsor Hill Apartments.  Plaintiff was out of town, so the probation officer went to speak to the property manager to inquire whether Strange had visited Windsor Hills that week.  During this conversation, the property manager discovered that Strange was on probation and decided to bar him from the property.  The manager mailed plaintiff a trespass notice to that effect on January 4, but plaintiff alleges that she had not yet seen it as of the date of the incident in question.

On February 1, plaintiff, Strange, and his friend Dominic returned to plaintiff's apartment around 9:00 p.m.  Minutes later, officers Chuyka and Fretwell knocked on the door to investigate a trespass complaint from the property manager's office against Strange.  Plaintiff answered the door and spoke with Officer Fretwell, who asked plaintiff if Strange was in the apartment.  Apparently, plaintiff did not respond because she was confused.  Looking beyond plaintiff through the door frame, Officer Fretwell observed Dominic in the living room of the apartment, who he mistook for Strange.  Officer Fretwell demanded to see his identification.  Plaintiff protested, informing the officers of their mistake.  Officer Fretwell then ordered plaintiff and Dominic to exit the apartment, so the officers could enter the dwelling to search for Strange.  Plaintiff asked if the officers had a search warrant, to which Officer Fretwell replied that he "would obtain one based on an odor of marijuana."  Again, Officer Fretwell demanded plaintiff

let them in, and again plaintiff refused and said the officers needed a search warrant. At this point, Officer Chuyka grabbed plaintiff by the arm and pulled her out of the apartment. Chuyka aggressively handcuffed her and slammed her against a wall, despite having been told she was pregnant. The officers detained plaintiff and Dominic.

Additional units from the Blacksburg Police Department arrived, entered plaintiff's apartment, and arrested Strange for trespass. Officer Chuyka arrested plaintiff on a misdemeanor charge of providing false information to law enforcement. The charges against Strange and plaintiff were dismissed in Montgomery County General District Court on June 20, 2019, and March 9, 2020, respectively.

## II.  ANALYSIS

### A.  Standard of Review

To survive a motion to dismiss, the complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff pleads factual content that allows the court to draw a "reasonable inference that the defendant is liable for the alleged misconduct." *Iqbal*, 556 U.S. at 678. In determining whether Doe has satisfied this plausibility standard, the court must accept as true all well-pleaded facts in the complaint and "draw[] all reasonable factual inferences from those facts in [Doe's] favor," *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999), but it need not "accept the legal conclusions drawn from the facts" or "accept as true facts or unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).

### B.  False Imprisonment or False Arrest Against Officer Chuyka

In Virginia, false imprisonment and false arrest are interchangeable, *Jackson v. Brickey*,

771 F. Supp. 2d 593, 604 (W.D. Va. 2011), and false imprisonment is defined as "the direct restraint by one person of the physical liberty of another without adequate legal justification." *Jordan v. Shands*, 255 Va. 492, 497, 500 S.E.2d 215, 218 (1998) (quoting *W.T. Grant Co. v. Owens,* 149 Va. 906, 921, 141 S.E. 860, 865 (1928)). "Claims of false imprisonment may be defeated by showing a sufficient legal excuse, e.g., probable cause, to restrain the plaintiff's liberty." *Jackson*, 771 F. Supp. 2d at 605. Furthermore, a showing of acquittal, or here – dismissal, is not sufficient to show unlawfulness. *Montgomery Ward & Co. v. Wickline*, 188 Va. 485, 491, 50 S.E.2d 387, 390 (1948).

Here, plaintiff claims Officer Chuyka committed the state torts of false imprisonment and false arrest "when he forcibly grabbed [plaintiff] by the arm, pulled her from the apartment, held her against the wall, detained her in handcuffs, and took her against her will to the Blacksburg Police Department, without her consent." However, plaintiff alleges insufficient facts to plausibly demonstrate her detention and subsequent arrest were without legal justification. Thus, this claim will be dismissed.

**1. Detention**

Law enforcement officers do not violate the Fourth Amendment by approaching the front door of a residence, knocking, and asking to speak to the occupants or requesting consent to search. *See Florida v. Jardines*, 569 U.S. 1, 8 (2013). In addition, the Fourth Circuit has repeatedly held that the odor of marijuana alone can provide probable cause to believe marijuana is present in a particular place. *United States v. Humphries*, 372 F.3d 653, 658 (4th Cir. 2004) ("While smelling marijuana does not assure that marijuana is still present, the odor certainly provides probable cause to believe that it is.") (collecting cases). Finally, officers may detain individuals for investigative purposes if they have a reasonable belief, based on a totality of the

circumstances, that "criminal activity may be afoot." *Terry v. Ohio*, 392 U.S. 1, 30 (1968); *United States v. Leshuk*, 65 F.3d 1105, 1109-10 (4th Cir. 1995). The detention may last for a period of time necessary for the officers to confirm or dispel their suspicions. *Leshuk*, 65 F.3d at 1109. The use of force and handcuffs during the detention does not render the detention unlawful. *Leshuk*, 65 F.3d at 1109–10 (citing *United States v. Moore*, 817 F.2d 1105, 1108 (4th Cir. 1987)).

According to plaintiff, Officers Fretwell and Chuyka were dispatched to her apartment based on a complaint that Strange was trespassing. The officers knocked on her apartment door, and, once she opened it, Officer Fretwell asked if Strange was in the apartment. The officers had received a report that Strange had been observed entering plaintiff's apartment. With the door open, the officers observed a man behind plaintiff in the apartment's living room. Further, the officers detected an odor of marijuana coming from the apartment. Prior to Officer Chuyka's detaining plaintiff, Officer Fretwell ordered her to exit the apartment and said he would obtain a search warrant based on the odor of marijuana.

Plaintiff's complaint provides, and does not challenge, the officers' statements upon which their reasonable belief of criminal activity is based. As such, plaintiff has not alleged sufficient facts regarding a lack of legal justification. By plaintiff's own allegations, Officer Chuyka detained plaintiff while Officer Fretwell obtained a search warrant to confirm or dispel their suspicions that the apartment's occupants had used illegal drugs and/or to discover if Strange was present. Moreover, Officer Chuyka's use of force during that detention does not make the detention unlawful.

### 2. Arrest

"A Virginia police officer 'has the duty to arrest a person who commits a misdemeanor in his presence, even though the officer[] has no arrest warrant . . . . And an arrest, though warrantless, is valid where the officer had probable cause to believe that a misdemeanor was committed in his presence.'" *Figg v. Schroeder*, 312 F.3d 625, 638 (4th Cir. 2002) (quoting *Yeatts v. Minton*, 177 S.E.2d 646, 648 (Va. 1970)).

Plaintiff alleges that once additional Blacksburg officers arrived on scene, police officers entered the apartment where they found Strange and arrested him. Officer Chuyka subsequently arrested plaintiff for "providing false information to law enforcement." (Complaint at ¶ 51.) Plaintiff fails to state a claim for false arrest or false imprisonment because she alleged no facts to show Officer Chuyka lacked probable cause to arrest her for providing false information to law enforcement. Revealingly, plaintiff does not allege how she responded when officers asked if Strange was in the apartment. Instead, plaintiff alleges that she was "confused" by what defendants were saying because "as far as she knew, [Strange] had not been barred from the property and she did not understand what was going on." (*Id.* at 31.) Therefore, plaintiff's fails to plausibly allege that defendants lacked probable cause to believe that she was providing false information, and this claim will be dismissed.

### III. CONCLUSION

For the foregoing reasons, the court will grant defendants' motion to dismiss as to plaintiff's false imprisonment/false arrest claim against Officer Chuyka, and the court will issue

an appropriate order.

      Entered: November 10, 2021.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge